**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lyon Financial Services, Inc., doing business as U.S. Bancorp Manifest Funding Services,<br><br>  Plaintiff,<br><br>vs.<br><br>Charles Tomlinson; Joleen Tomlinson; John Jenkins,<br><br>  Defendants. | No. CV-10-0067-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Entry of Default Judgment (Doc. # 23), and Application for an Award of Attorneys' Fees (Doc. # 25).

**I.    Background**

This action arises out of a Master Equipment Lease Agreement, which was guaranteed by Defendants Charles Tomlinson, Joleen Tomlinson, and John Jenkins.  After the lessee failed to make payments under the lease, Plaintiff filed the Complaint on January 12, 2010 against Defendants for breach of contract and breach of guaranty.  (Doc. # 1.)  After some initial difficulty, all three Defendants were served by April 12, 2010.  (Docs. # 13, 14, 19.)  Defendants have all failed to appear or otherwise defend this action, and the Clerk of the Court entered Defendants' default pursuant to Rule 55(a).  (Doc. # 21.)  Defendants were

given an opportunity to appear before the Court on December 6, 2010 at a hearing to show cause, but failed to do so. (Doc. # 27.)

## II.     Motion for Entry of Default Judgment

After entry of default by the Clerk of the Court pursuant to Rule 55(a), the Court has discretion to enter default judgment. *See* FED.R.CIV.P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Court considers several factors in deciding whether to grant default judgment, including: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Plaintiff seeks a default judgment award of $143,246.70 consisting of: $137,534.70 as the future payments due on the lease, plus costs, less the selling price; $4,968.00 for attorneys' fees; and $744.00 for taxable costs. Having reviewed Plaintiff's motion and supporting memorandum (Doc. # 23), the well-pled factual allegations of the Complaint (Doc. # 1) and the record as a whole, and also having considered the *Eitel* factors, the Court concludes that default judgment in the amount requested, $143,246.70 is appropriate. Accordingly, Plaintiff's Motion for Entry of Default Judgment (Doc. # 23) will be granted.

## III.    Motion for Attorneys' Fees

Plaintiff has requested in a separate motion an award of attorneys' fees in the amount of $4,968.00. (Doc. # 25.) Where a contract provides for an award of fees to the prevailing party, both California and Arizona state law require the Court to honor that provision and award fees, as stipulated in the contract. *See* CAL. CIV. CODE § 1717; *Exxess Electronixx v. Heger Realty Corp.*, 64 Cal. App. 4th 698, 707 (1998) ("If a cause of action is 'on a contract,' and the contract provides that the prevailing party shall recover attorneys' fees incurred to enforce the contract, then attorneys' fees must be awarded on the contract claim in accordance with Civil Code section 1717."); *see also McDowell Mountain Ranch Cmty. Assoc. v. Simons*, 165 P.3d 667, 670 (Ariz. App. 2007) (noting that it is "well-settled in

Arizona that '[c]ontracts for payment of attorneys' fees are enforced in accordance with the terms of the contract'" (citations omitted)).  Here, the Master Equipment Lease guaranteed by Defendants provides that Defendants, as guarantors, will pay for costs expended by Plaintiff in collecting under the lease, including attorneys' fees. (Doc. 1-1, Ex. 1 at p. 3, § 21.)  Accordingly, Plaintiff is entitled to its attorneys' fees.  Further, the Court finds the amount of fees requested by Plaintiff to be reasonable.  However, as Plaintiff has already requested, and will recover, its fees as part of the default judgment award, it would be duplicative to also grant Plaintiff's separate motion requesting the same fees.  Because the total amount of fees requested in this motion are already otherwise recoverable by Plaintiff, the Application for an Award of Attorneys' Fees (Doc. # 25) will be denied as unnecessary.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Entry of Default Judgment (Doc. # 23) is **GRANTED**.

**IT IS FURTHER ORDERED** that default judgment is entered in favor of Plaintiff and against Defendants Charles Tomlinson, Joleen Tomlinson and John Jenkins, jointly and severally, in the amount of $143,246.70, plus interest on the $137,534.70 in lease damages at the rate of 8% per annum from February 16, 2009 until paid, plus interest on the $4,968.00 in attorneys' fees at the federal interest rate pursuant to 28 U.S.C. § 1961 from the date of judgment until paid.

**IT IS FURTHER ORDERED** that the Application for an Award of Attorneys' Fees (Doc. # 25) is **DENIED**.

DATED this 18th day of March, 2011.

James A. Teilborg
United States District Judge